CABALLERO, PETITIONER, *v.* DISTRICT COURT OF ARECIBO, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of Arecibo, Hon. Enrique Lloreda, Judge.

No. 397.—Decided February 6, 1923.

UNLAWFUL DETAINER—INTERVENTION—MORTGAGE—DATION EN PAIEMENT.—In an action of unlawful detainer brought by the successors of A against B a motion was made by C and D for permission to intervene on the ground

that A mortgaged the property to C to whom it was delivered by the mort-
gagor in 1904 as a *dation en paiement* and in 1907 the property passed into
the possession of D who had acquired the credit of C, this being the only
title that C could convey to him because the attorney in fact of mortgagor
A did not fulfill his trust during the life of A, and they finally alleged that
defendant B is a lessee of D. C was allowed to intervene, but D was not, on
the theory that he was a mere assignee of the mortgage credit. *Held:* That
construing the motion for intervention liberally, D is not a mere mortgagee,
for he alleges that he is the owner of the property; therefore he has a right
to intervene and it was so ordered in certiorari proceedings.

The facts are stated in the opinion.

*Mr. E. Rincón* for the petitioner.

*Messrs. E. Marín* and *L. Mercader* for the defendant.

MR. JUSTICE ALDREY delivered the opinion of the court.

The heirs of José Marrero, some personally and the
others by their assignee, Miguel Torres Gómez, brought an
action of unlawful detainer against Joaquín Vega alleging
that they were the owners of a property of which the de-
fendant was wrongfully in possession without paying any
rent. The complaint contains a lengthy count regarding
the hereditary interest of each of the fifteen persons alleged
to be the owners of the property by inheritance, and that
count concludes with an allegation that they also acquired
at a forced sale all of the title, right and interest that Joa-
quin Ramón Caballero had in the said property.

On the day set for the first hearing the parties appeared
and the defendant made a general denial of all of the allega-
tions of the complaint. Camilo Taboas and Joaquin Ramón
Caballero also appeared and moved the court for permission
to file a complaint in intervention on the ground that José
Marrero mortgaged the property in question to Camilo Ta-
boas who took possession of it in 1904 under a *dation en
paiement* title given to him by the mortgagor; that in 1907
the property passed into the possession of Joaquin Ramón
Caballero who had acquired the mortgage of Taboas, that
being the only title that Taboas could convey to him because
Taboas could not obtain a title of ownership for the reason

that the attorney in fact specially appointed by Marrero for that purpose did not execute his trust during the life of Marrero; that since 1904 the only persons who have held possession of the property as owners are Taboas and Caballero, the latter, who is its lawful owner at present, having leased it to defendant Joaquín Vega; that the intervenors have filed a complaint against the plaintiffs as heirs of José Marrero to compel them to execute in favor of Taboas a deed of conveyance by virtue of the *dation en paiement* title given by their ancestor, so that Taboas may convey the said title to Caballero.

On July 24, 1922, the inferior court admitted the intervention of Taboas, but denied that of Caballero on the ground that he appears to be the mere assignee of a mortgage, and postponed the first hearing to another day. On the day set Joaquín Ramón Caballero again moved for permission to intervene jointly with intervenor Camilo Taboas and presented a complaint for both on the ground that in the complaint in the action of unlawful detainer the origin of the title to the property appears to be by inheritance; that in the last allegations, confounded with others, it is said that plaintiff Miguel Torres is also the owner of any right or interest that Caballero may have, the title being void because of the infractions of law committed in the acts originating his transfer, and that he has brought an action for its annulment. On December 11, 1922, his motion to intervene was again overruled because his former motion had been overruled and because it had been made at the first hearing in the action of unlawful detainer. Thereupon Joaquín Ramón Caballero presented this petition for a writ of certiorari, alleging that both orders are unappealable. The writ having been issued and the original record of the case having been received, both the petitioner and the plaintiffs appeared by counsel at the hearing before this court.

A liberal construction of the allegations made by Joaquín

Ramón Caballero in the lower court leads us to the conclusion that he does not appear to be a mere mortgagee, for although he said that Taboas assigned the mortgage to him, he also stated that this was done because Taboas did not have the deed of the *dation en paiement* of the property made to him by the owner and mortgagor, Marrero, but that Taboas had been in possession of the property as owner since 1904 and that in 1907 he transferred it to Caballero who since that year has been the lawful owner of it and has leased it to the defendant. On these pleadings Caballero should have been allowed to intervene from the beginning, and he was more entitled to do so than was Taboas, for if Caballero is now the owner of the property, he has a right to intervene in the action in defense of his lessee, especially as he denies in his second motion that plaintiff Torres had validly acquired his interest in the property. As he has a right to intervene in the action, the facts that his first motion had been overruled and that his second motion was made on the day set for the first hearing do not warrant the overruling of the latter motion.

The only difficulty observed is that Caballero presents the second complaint in intervention in his own name and in the name of Camilo Taboas, who had already presented his, but this may be easily corrected by permitting him to amend it in order to set up the facts necessary to establish his right.

The order of the lower court of July 24, 1922, must be set aside in so far as it refers to Joaquín Ramón Caballero, and its order of December 11, 1922, must be vacated totally and substituted by another allowing Joaquín Ramón Caballero to intervene in this action as a party defendant, with instructions to the court below to allow him to amend his complaint in intervention.

*Order set aside.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.